**IN THE UNITED STATES FEDERAL COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:20-cv-81163-MIDDLEBROOKS/BRANNON

JEFFREY LAGRASSO
and DEBORAH LAGRASSO,

    Plaintiffs,
vs.

SEVEN BRIDGES HOMEOWNERS
ASSOCIATION, INC. and
RACHEL ABOUD TANNENHOLZ,

    Defendants.
_____/

**DEFENDANT, SEVEN BRIDGES HOMEOWNERS ASSOCIATION, INC'S, MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW PURSUANT TO FED. R. CIV. P. 56**

COMES NOW, Defendant, SEVEN BRIDGES HOMEOWNERS ASSOCIATION, INC. ("Association"), by and through its undersigned Counsel and pursuant to Fed. R. Civ. P. 56, and moves this Honorable Court for entry of Final Summary Judgment in favor of ASSOCIATION against Plaintiff's, JEFFREY LAGRASSO ("JL") and DEBORAH LAGRASSO ("DL") (collectively "LaGrassos").  In support, the Association states the following:

**I.     PROCEDURAL BACKGROUND**

The LaGrassos brought this action for alleged violations of 42 U.S.C. §3604(b) of the Fair Housing Act ("FHA") against the Association claiming discrimination on the basis of their religion in their ability to use services or facilities of the Association, and by the Association's inaction to control the conduct of their neighbor Rachel Tannenholz ("RT").  [D.E. #1, ¶57]. LaGrassos also claim the Association violated 42 U.S.C. §3617 of the FHA alleging the Association "intimidated them by sending letters threatening and imposing baseless sanctions and

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 2 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 2

fines," specifically as relating to DL's postings on her own Facebook blog and interfering "with the exercise and enjoyment of" their property rights "by refusing to undertake any action to control the behavior of third parties;" both of which the LaGrassos contend creates a "causal link" to discrimination based upon the LaGrassos' religion. [D.E. #1, ¶¶69, 72, 73].

The allegedly discriminatory actions because of the LaGrassos' religion by the Association consist of: (1) the Association's Board of Directors' ("Board") recommendation to suspend DL for three months from the use of community common facilities after an altercation on November 19, 2020 at the Association's tennis courts between DL and several women which recommendation the Association's Compliance Committee ("Committee") unanimously voted to affirm after a hearing on February 20, 2020. (See Exhibit "B" to D.E. No. 1); and (2) the Board's recommendation to fine DL $5,000.00 and suspend her for 330 days from use of the community's common facilities after DL's creation of a public Facebook page posting, among other things, antisemitic statements, as well as her threat to shoot community resident RT. This recommendation was upheld at a July 1, 2020 Committee hearing which DL received the result of on July 18, 2020. [D.E. #117 ¶27].

The Association filed a Motion to Dismiss the Complaint which although it was denied, this Court's December 10, 2020 Order made the following findings with respect the LaGrassos' FHA claims related to the tennis court incident [D.E.# 55].:

- "Given that there exist no allegations pertaining to religion with respect to the LaGrassos' claim arising out of the tennis court incident and the Association's handling of same, *I find that they have failed to state a cause of action under the FHA based on this alleged misconduct*." [D.E.# 55, p. 9]. (emphasis added).

This Court's Order on the Associations Motion to Dismiss also made the following findings regarding the LaGrassos' 42 U.S.C. §3617 claim against the Association:

- "Because ***I decline to find that Ms. LaGrasso's making posts on her Bridges Seven Facebook page amount to a right protected under the FHA***, I find that the LaGrassos have failed to sufficiently allege the first element of an intimidation claim under § 3617. [D.E.# 55, p. 14]. (emphasis added).
- "As to the LaGrassos' intimidation claim, taking the Complaint's factual allegations as true, I am not satisfied that the Association's conduct of sending letters advice Mrs. LaGrasso for the complaints brought against her and the Board's proposed sanctions for such complaints constitutes intimidation that is of a severity as to cause the LaGrassos to abandon their housing rights altogether. For this reason and that stated in the above subsection, ***I conclude that the LaGrassos have not plausibly alleged an intimidation claim under §3617***." [D.E.# 55, p. 15]. (emphasis added).
- "Regarding the interference claim, consistent with my findings in Section II, ***I conclude that the LaGrassos plausibly alleged unlawful interferences under a hostile housing environment theory based on the Association's failure to respond to the LaGrassos' allegations of religious discrimination by Mrs. Tannenholz*** and instead to impose additional sanctions on Mrs. LaGrasso, conduct alleged to have interfered with the LaGrassos' housing rights in a severe way." [D.E.# 55, p. 15]. (emphasis added).

The LaGrassos failed to amend their Complaint against the Association to correct any deficiencies by the September 21, 2020 Court deadline. [D.E. #20, ¶10]. Based upon the Court's finding that the LaGrassos failed to state a cause of action under the FHA with respect to the tennis court incident, the Association is entitled to summary judgment in its favor with respect to the LaGrassos' §§3604(b) and 3617 FHA claims relating to the tennis court incident.

Additionally, based upon the Court's finding that DL's posting's to her Facebook page are not a right protected under the FHA, the LaGrassos cannot state a viable cause of action for violation of the FHA against the Association for fines and suspension of DL as it relates to the Facebook postings. Because the Facebook postings are not a right protected under the FHA, the Association is entitled to summary judgment in its favor with respect to the LaGrassos' §§3604(b)

Case 9:20-cv-81163-WM Document 118 Entered on FLSD Docket 01/25/2021 Page 4 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 4

and 3617 FHA claims regarding the Association letters, suspension and fines concerning the Facebook postings.

Given the findings made by the Court in its December 10, 2020 Order the only claim pending before the Court for consideration on Summary Judgment is whether the Association's failure to take action against RT after receipt of JL's May 27, 2020 and subsequent correspondences regarding interactions between RT and DL constitutes either a §3604(b) or a §3617 interference claim under the FHA. [D.E. #55], Therefore, the instant Motion for Final Summary Judgement addresses the only two remaining claims within the operable Complaint: (1) does the evidence establish that RT's conduct toward the LaGrassos was based upon the LaGrassos' religion, and if so, does the conduct establish violation of §3604(b) by the Association, and (2) does the evidence establish that the issues between the LaGrassos and RT based upon the LaGrassos' religion created a hostile housing environment such that the LaGrassos can no longer use and enjoy their property thereby establishing §3617 interference claim against the Association due to it allowing RT to interfere with the LaGrassos use and enjoyment of their property. As will be shown herein, because there is no material dispute as to any genuine issue of material fact that would support either a §3604 (b) or §3671 claim, the Association is entitled to final summary judgment on Count I and II of the Complaint.

## II. MEMORANDUM OF LAW

### A. Legal Standard on Motion for Summary Judgment

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 5 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 5

interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." Id. at 325. In a discrimination lawsuit brought under the Fair Housing Act, the burden of proof remains at all times with the plaintiffs. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Accordingly, the absence of evidence against the Association may serve as a sufficient basis for the granting of summary judgment in its favor.

After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986). Although all reasonable inferences are to be drawn in favor of the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), he "must do more than simply show that there is some *metaphysical doubt* as to the material facts." Matsushita, 475 U.S. at 586. The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings, but instead must come forward with "specific facts showing that there is a *genuine issue for trial*." Id. at 587 (citing Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial." Id. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 6 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 6

burden of proof, the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323.

> **B.** **The Court's application of Francis v. Kingspark Manor, Inc., 917 F.3d 109 (2d Cir. 2019) to the instant action.**

In its Motion to Dismiss, the Association argued that the FHA does not protect against neighbor-to-neighbor discrimination because there is no case law in the 11th Circuit recognizing this cause of action and therefore failure to control RT cannot be a basis for a violation of the FHA. [D.E.#21]. In its Order on the Association's Motion to Dismiss the Court noted that the parties do not cite biding authority from the Eleventh Circuit or the United States Supreme Court addressing whether a homeowners Association may be liable under the FHA for its failure to address prohibited discrimination from one resident to another. [D.E.#55]. The Court also did not identify any such binding authority. [D.E.#55]. Although there are no Eleventh Circuit Court of Appeals rulings directly on the issue of neighbor to neighbor discrimination serving as the basis for an FHA claim, there are cases within the 11th Circuit that stand for the proposition that the FHA does not govern neighbor to neighbor disputes. In Gourlay v. Forest Lake Estates Civil Ass'n. of Port Richey, Inc., 276 F.Supp.2d 1222 (M.D.Fla.2003), the Court stated that "the FHA was passed to ensure fairness and equality in housing ... not to become some all-purpose civility code regulating conduct between neighbors." Id. at 1232. *See also* Lawrence v. Courtyards at Deerwood Ass'n, Inc., 318 F.Supp.2d 1133, 1143 (S.D. Fla. 2004); Court Scott v. Lake Arrowhead Yacht & Country Club, Inc., 2016 WL 4541442 (N.D. GA 2016) ("A failure to act does not rise to the level of the egregious overt conduct that has been held sufficient to state a claim under section 3617."); Tagliaferri v. Winter Park Housing Authority (2011 WL13175164) (M.D. Fla. 2011)(citing Lawrence); Haynes v. Wilder Corp. of Delaware, 721 S.Supp.2d 1218 (M.D. Fla. 2010)(granting

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 7

summary judgment with respect to FHA claims arising from actions of neighbors). Under the standard expressed in the foregoing cases, the Association would be entitled to summary judgment in its favor against the LaGrassos with respect to their claims of §§3604(b) and 3617 FHA violations for the Association's failure to act against RT.

However, in its Order on the Association's Motion to Dismiss the Court relied on the Second Circuit case of Francis v. Kingspark Manor, Inc., 917 F.3d 109, 120-21 (2d Cir. 2019) cited by the LaGrassos in their Response to the Association's Motion to Dismiss to find that the LaGrassos stated a cause of action for discrimination under §§3604(b) and 3617 of the FHA because the Association failed to take action against RT regarding her behavior towards the LaGrassos. [D.E.#55]. For the purposes of this Motion for Summary Judgment the Association will utilize the Francis standard. [D.E.#55].

    **C.**    **There is no genuine dispute as to any material fact that would support the allegations that Tannenholz's conduct was religiously motived, that it rose to the level of creating a hostile environment, or that the Association had the power to prevent Rachel Tannenholz's actions against the LaGrassos.**

There is no genuine dispute as to any material fact that would support the allegations that RT's conduct toward the LaGrassos was motived against the LaGrassos' religion, that it rose to the level of creating a hostile environment, or that the Association has the power to prevent RT's actions against the LaGrassos. [D.E.#117 ¶¶23, 25, 26]. Under Francis v. Kingspark Manor, Inc., 917 F.3d 109, 120-21 (2d Cir. 2019), in order for the LaGrassos to prove a §3604(b) violation of the FHA against the Association for its failure to take action against RT, the LaGrassos must establish: "(1) [t]he third-party created a hostile environment for the plaintiff . . . ; (2) the housing provider knew or should have known about the conduct creating the hostile environment . . . and

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 8

(3) . . . the housing provider failed to take prompt action to correct and end the harassment while having the power to do so." Id. at 121.

In the instant case the Board had to make decisions regarding interactions between LaGrassos and RT based solely on the information ***in the Association's possession at the time it took action against DL*** and this Court must do the same. [D.E.#117 ¶¶15-17]. The only information which the Board had before it regarding the interactions between LaGrassos and RT during the pertinent time frame was:

> **1)** on May 18, 2020, RT sent the Association's Property Manager Heidi Womack ("Womack") with a link to DL's Bridges Seven Facebook page containing postings about the Association, antisemitic postings, and a post about RT; and [D.E.#117 ¶19].
>
> **2)** on or about May 19, 2020, the Board received a security report generated by Association security which provided that RT went to DL's home regarding Facebook postings resulting in the police being called; [D.E.#117 ¶¶19-20].
>
> **3)** on May 27, 2020 JL sent an email to Womack advising that RT harassed his wife and children. He also reported there were video and audio recordings of the harassment but did not provide them on May 27, 2020. Within the May 27, 2020 email JL stated that RT trespassed on his property and made statements to his wife such as: "You moved in somewhere which is 80% Jewish and you do not belong here," "Move to a Klan neighborhood, that's where you need to move, to a white supremacist area," "If I was hated as much as you I would move out" "Move the fuck out. It's over for you," and "I would not want to live where I could not walk out with everybody looking at me like I'm fucking crazy and that is the current situation whether you like it or not;" [D.E. #117 ¶21].
>
> **4)** on June 8, 2020 DL advised the Association that she filed a petition for injunction against RT regarding the May 18, 2020 incident[1]; also, on June 8, 2020 the LaGrassos sent the Association an incomplete portion of the only telephone call between DL and RT at issue.[2]" [D.E. #117 ¶¶22];
>
> **5)** on June 9, 2020 Womack requested a complete recording of the only phone call between DL and RT at issue which the LaGrassos did not provide; and [D.E. #117 ¶23]

---

[1] The petition had been filed on June 2, 2020. [D.E. 117, ¶22].
[2] The call was initiated by DL. [D.E. 117, ¶23].

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 9 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 9

>  **6)** on June 11, 2020, the LaGrassos emailed a partial video from May 18, 2020 showing RT in the driveway of the LaGrasso's home speaking to DL while DL was on the phone with the police. The video does not show RT engaged in any conduct other than laughing in response to DL's comments to her and filming. In this video recording, DL makes a threat to shoot RT.

The foregoing was the only information that the Board had regarding the interactions between the LaGrassos and RT when it made its decisions regarding taking actions in this matter. [D.E. #117 ¶23]

In applying the first element of Francis to the instant case, the LaGrassos cannot establish that their interactions with RT created a hostile environment for the LaGrassos based on their religion. The interactions between the two women that the Association was aware of occurred between May 18, 2020 and May 20, 2020 and were not ongoing. [D.E. #117 ¶¶23,26]. Furthermore, based upon the information that the Board had before it during the relevant time period, the interactions did not appear to be predicated upon religion, but were primarily about RT's anger about DL's personal Facebook attacks posting her image and referring to her as the "Seven Bridges Community stripper" and DL's admitted Facebook postings which RT believed were antisemitic. [D.E. #117 ¶¶16-18, 23,25]. The alleged "hostile environment" in this matter is highly distinguishable from Francis. In Francis the Court found that hostile environment was created when presented with evidence of a neighbors eight month campaign against his African American neighbor, subjecting him to racial slurs, calling him a "fucking nigger," approaching his front door and calling him a "fucking asshole," discussing the plaintiff in derogatory terms with other neighbors, standing at his front door and stating "fucking nigger, close your god-darn door, fucking lazy, god-damn fucking nigger," following the plaintiff around and referring to him as a "nigger," and threatening to kill the Plaintiff. Id. at 121. In the instant case there was no

Case 9:20-cv-81163-WM Document 118 Entered on FLSD Docket 01/25/2021 Page 10 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 10

ongoing campaign of harassment of the LaGrassos by RT because of their religion. Moreover, there was no action on RT's part for the Board to stop because there is no clear evidence, as there was in <u>Francis</u>, that RT was attacking the LaGrassos based upon their religion. [D.E. #117 ¶¶23,26]. Therefore, there is no genuine dispute as to any material fact that the LaGrassos are unable to establish the first element of a <u>prima facie</u> case under the <u>Francis</u> standard.

In applying the second element of <u>Francis</u> to the instant case, the LaGrassos cannot establish that RT created a hostile environment based on their religion, or that they advised the Board of same. [D.E. #117 ¶¶23,25,26]. While it is true that the LaGrassos had communications with the Association between May 27, 2020 and June 11, 2020 regarding RT, the communications were in reference to *past activity by RT*. [D.E. #117 ¶¶23,26]. The LaGrassos never advised the Board of ongoing or escalating harassment on account of their religion by RT against them. The Board members testified that they believed the interaction was a dispute regarding Facebook which resolved itself and was not continuing. [D.E. #117 ¶¶23,24,26]. The housing provider in <u>Francis</u> was put on notice by the plaintiff two separate times about ongoing and escalating harassment from his neighbor ranging from racial slurs to threats to kill the plaintiff. The notice to the housing provider in <u>Francis</u> provided clear and specific detail of ongoing discriminatory statements and comments *directed towards the plaintiff*. Importantly, the plaintiff informed the housing provider that the harassment ongoing and escalating and there was no question that it was based solely upon the plaintiff's race. Our case is distinguishable from <u>Francis</u> on this element as well, thus the LaGrassos are unable to establish the second element of a <u>prima facie</u> case under the <u>Francis</u> standard.

In applying the third and final element of <u>Francis</u> to the instant case, even if the interactions with RT against the LaGrassos on account of their religion were ongoing, which they were not,

Case 9:20-cv-81163-WM Document 118 Entered on FLSD Docket 01/25/2021 Page 11 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 11

they cannot establish that the Board had the power to take action to prevent RT from interacting with the LaGrassos. Again, at the time the Board was notified by the LaGrassos about RT, there was no harassment to correct. Even if there had been, Board does not have the authority under its Governing Documents or the Florida Statutes to enjoin a resident from calling or visiting another individual's property. [D.E. 117, Exhibit J, Article X, Section 1(A)]. Once again, the instant case is distinguishable from <u>Francis</u> on this final element as well. In <u>Francis</u> the plaintiff was a tenant in an apartment complex. <u>Id</u>. at 121. The housing provider defendants owned and managed the complex, and the defendants had the ability to evict the tenant. In the instant case, the LaGrassos are homeowners. [D.E. #117 ¶¶7-9]. The Association cannot under its Governing Documents or Fla. Stat. Chapter 720 evict homeowners. [D.E. #117 Exhibit J, Article IX, Section 1]. While the LaGrassos may argue that the Association does have the ability to send RT a letter regarding her behavior toward DL or to suspend RT's use rights to the common areas, such action does not prevent RT from going to the LaGrassos' house or calling DL. Finally, and perhaps most importantly, the LaGrassos notified the Association that they filed with the State Court a restraining order against RT, therefore even if the Association could prevent RT from interacting with the LaGrassos, which it could not, intervention by the Association was unwarranted because the LaGrassos were seeking a civil remedy against RT. [D.E. #117 ¶¶22,26].

Even in the light most favorable to the LaGrassos, there are no material facts establishing that RT referred to the LaGrassos in any derogatory manner regarding their Christian faith, nor do the LaGrassos allege that RT's harassment of them had anything to do with their Christian faith. [D.E. #117 ¶¶23]. In fact, when asked why he believed the Board did not take action against RT, JL replied "[M]aybe because her husband was on the board. Maybe because their friends. Maybe it's just because the community is 80% Jewish and we shouldn't live there. I can't answer that

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 12

question." [D.E. #117 ¶23]. Analyzing this case under the Francis standard, the LaGrassos cannot establish material facts showing that there was a hostile environment, that the Board knew of the existence of a hostile environment based on their religion, or that the Board had the ability to prevent the hostile environment. Based upon the foregoing the Association is entitled to final summary judgment as a matter of law on the LaGrassos' §3604(b) claim under the elements of Francis as to Count I of the Complaint.

>   **D.   There is no genuine dispute as to any material fact that would support the LaGrassos claim of unlawful interference under §3617 of the FHA based upon religion regarding the Associations lack of action against Rachel Tannenholz with respect the LaGrassos complaints, therefore there can be no violation of 42 U.S.C. §3617 of the Fair Housing Act.**

There is no genuine dispute as to any material fact that supports the LaGrassos' claim of unlawful interference under §3617 of the FHA based upon religion regarding the Associations lack of action against RT therefore there can be no violation of 42 U.S.C. §3617 of the Fair Housing Act and the Association is entitled to summary judgment on Count II of the Complaint. To state a claim for religious discrimination under §3617 of the FHA, a plaintiff must demonstrate "(1) that the plaintiff exercised or enjoyed 'any right granted or protected by' Sections 3603-3606; (2) that the defendant's conduct constituted *interference*; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct. Moore v. Camden Property Tr., 816 F. App'x 324, 335 (11th Cir. 2020). "[A] showing of intentional discrimination is an essential element of a §3617 claim." East–Miller v. Lake County Highway Dept., 421 F.3d 558, 563 (7th Cir.2005); see also Simoes v. Wintermere Pointe Homeowners Assoc., Inc., (M.D. Fla 2009) WL2216781. Importantly, §3617 extends only to "discriminatory conduct that is so severe or pervasive that it will have the effect of causing a protected person to abandon the exercise of his or her housing rights." Lawrence v. Courtyards at Deerwood Assn'n, 318 F. Supp. 2d 1133, 1144

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 13 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 13

(S.D. Fla. 2004) (quoting Gourlay v. Forest Lake Estates Civic Ass'n of Port Richey, Inc., 276 F. Supp. 2d 1222, 1235 (M.D. Fla. 2003), vacated on other grounds).

The Association has shown as stated above and fully incorporated herein, that the LaGrassos' allegations concerning RT are not about religious discrimination but were instead spurred by a Facebook posting made by DL regarding RT. [D.E. #117 ¶¶19-21]. During the relevant time period the LaGrassos did not provide the Association with any evidence of discrimination by RT against them on account of their religion. [D.E. #117 ¶¶23,26]. The evidence is that DL advised Association security and the police that on May 18, 2020, RT came to her house to discuss DL's Facebook postings about her. [D.E. #117 ¶¶19,21]. On June 8th and 11tth, 2020, the Association was provided with a partial call and notice that the LaGrassos were taking legal action against RT for her interactions with DL. [D.E. #117 ¶¶19,21,22]. The LaGrassos provided no evidence that RT's actions created a hostile housing environment based on their religion which required the Association to intervene. [D.E. #117 ¶¶19,21,22]. To the contrary, by the time the LaGrassos informed the Association about RT's behavior it was over.  ¶¶20,25,26]. The video of the May 18, 2020 confrontation at the LaGrassos' home shows just what DL testified to: That RT came to the house,  DL was on her balcony filming RT and her daughter,  RT was also filming DL, t RT and her daughter were smirking and laughing, and  some snarky comments were made. [D.E. #117 ¶¶19,21,22]. There was no religion mentioned in the video, much less any evidence of religious discrimination against the LaGrassos.  The Association received no information from the LaGrassos of a consistent continued pattern of  discrimination by RT due to their religion. [D.E. #117 ¶¶19,21,22].

The law is clear, §3617 applies only in cases where there is a "*pattern* of harassment, invidiously motivated" that interferes with one or more of the other sections of the Act that are

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 14 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 14

referred to in section 3617.  Bloch v. Frischholz, 587 F.3d 771 (7th Cir. 2010) ("Interference" is more than a "quarrel among neighbors" or an "isolated act of discrimination," but rather is a "pattern of harassment, invidiously motivated." *citing* Halprin, 388 F.3d at 330; cf. DiCenso, 96 F.3d at 1006; Honce v. Vigil, 1 F.3d 1085, 1090 (10th Cir.1993).)  See also Halprin v. The Prairie Single Family Homes of Dearborn Park Association, 388 F.3d 327 (7th Cir. 2004).  In the instant case because the Association had no information or knowledge of a pattern of invidiously motivated harassment by RT against the LaGrassos based on religion and because the evidence is that there was no such pattern the Association is entitled to summary judgment in its favor and against the LaGrasso's on Count II of the Complaint. [D.E. #117 ¶¶1,4,6].

There is no evidence showing a causal connection that the LaGrassos were unable to use and enjoy their property rights because the Association failed to address RT's actions.  Aside from the fact that the evidence indicates that the LaGrassos interactions with DL were unrelated to their religion, the unrebutted evidence shows that RT's interactions with the LaGrassos only occurred between May 18, 2020 and May 20, 2020, before the LaGrassos notified the Board of an issue on May 27, 2020.  After May 20, 2020 LaGrassos had no further interactions with RT.  Any references to religion made by RT between May 18, 2020 and May 20, 2020 do not establish a sufficient causal connection indicating the LaGrassos lost the use and enjoyment of their property rights due to religious discrimination or by the Association's lack of taking any action against RT due to her past behaviors. Because there is no causal connection between the LaGrassos' inability to use and enjoy their property because of the Association's failure to address RT the Association is entitled to summary judgment in its favor and against the LaGrassos on Count II of the Complaint.

Finally, "[A] showing of intentional discrimination is an essential element of a §3617 claim." East–Miller v. Lake County Highway Dept., 421 F.3d 558, 563 (7th Cir.2005), see also

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 15 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 15

Simoes v. Wintermere Pointe Homeowners Association, Inc., 375 Fed. Appx. 927 (11th Cir. 2010). In the instant case there is no evidence that the Boards failure to act against RT was done with the intent to discriminate against the LaGrassos due to their religion.   To that end, both DL and JL's testimony indicate that the Board's failure to act against Tannenholz *because of religion* is speculative at best.  The Court must not let this matter proceed simply upon "an *inkling* in my [JL's] brain" that religion could potentially have something to do with this and should grant the Association's summary judgment on Count II of the Complaint

      **E.**      **There is no evidence supporting the LaGrassos' claim for punitive damages under the Fair Housing Act.**

There is no evidence supporting  LaGrassos' claim for punitive damages under the Fair Housing Act against the Association. "The Eleventh Circuit has not discussed when punitive damages become available in Fair Housing Act cases." United States v. Gumbaytay, 757 F. Supp. 2d 1142, 1150 (M.D. Ala. 2011). But many other circuits have, and they use the standard set forth in Kolstad v. American Dental Association, 527 U.S. 526, 533–39, 119 S. Ct. 2118, 144 L.Ed. 2d 494 (1999), which analyzed when punitive damages are available in a Title VII of the Civil Rights Act case under 42 U.S.C. § 1981a(b)(1). Id. at 1151 (collecting circuit cases applying the Kolstad standard to punitive damages under the FHA). The Court is convinced by these and other decisions that the Kolstad standard used to analyze punitive damages in civil-rights cases should also be used in FHA cases. See id. (being similarly convinced).

Under this standard, "[p]unitive damages are appropriate in a federal civil rights action *when the defendant's conduct is shown to be motivated by evil motive or intent*, or when it involves *reckless or callous indifference to the federally protected rights of others*." Quigley v. Winter, 598 F.3d 938, 952–53 (8th Cir. 2010) (internal quotation marks omitted) (applying the Kolstad

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 16 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 16

standard to analyze punitive damages under the FHA). Kolstad held that "the terms 'malice' and 'reckless [indifference]' ultimately focus on the actor's state of mind." Id. at 953 (quoting Kolstad, 527 U.S. at 535) (entire quotation drawn from Kolstad except for brackets). More specifically, they "pertain to the defendant's knowledge that he may be acting in violation of federal law, not his awareness that he is engaging in discrimination." Id. (quoting an Eighth Circuit cases quoting Kolstad, 527 U.S. at 535) (brackets omitted).  Thus, for punitive damages to be available, a defendant "must at least discriminate in the face of a perceived risk that [his or her] actions will violate federal law." Kolstad, 527 U.S. at 536; accord Quigley, 598 F.3d at 953; *see also* Sabal Palm Condominiums of Pine Island Ridge Association, Inc. v. M. Fischer, et. al., (S.D. Fla. 2014) 2014 WL 988767, at *23–24.

In the instant case, in order for the LaGrassos to recover punitive damages against the Association the evidence must show that RT's actions were indeed based on the LaGrassos' religion and clearly violative of the FHA.  There is no testimony indicating that the Board was aware or perceived  RT's actions to be religious discrimination or that the Board's failure to stop RT's actions was motivated by evil motive or intent.  Similarly, there is no evidence that the Board was aware that its failure to act would violate federal law. [D.E.#117 ¶¶4,6, 25].  The only evidence in this action regarding is that the Board was  aware of the one time that RT went to the LaGrassos' home because of a Facebook post alleging that she was a stripper, of a partial audio of a phone call, and a partial video of DL and RT's  interactions all supplied to the  Association by the LaGrassos after the alleged harassment ended.  [D.E.#-117¶¶17,18, 25]. The Board members testified they acted against DL because she  threatened to shoot RT and  based on her previous assault on other members of the community, the Board felt it had a fiduciary obligation to act due to DL's escalating behavior against other owners. [D.E.#117 ¶¶27].  Finally, LaGrassos present

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 17

no evidence that shows that the Board was aware that their failure to act against RT would be a violation of Federal law.  This is  because during the relevant time period the LaGrassos  did not present any evidence to the Association showing that RT's actions towards the LaGrassos were solely based on their religion  or that  RT's actions were preventing the LaGrassos from enjoyment and use of their property rights. [D.E.#117 ¶¶23,24].  Because there is no evidence establishing evil motive or intent or that the Board was aware that their failure to take action against RT would be a violation of Federal law, the Association is entitled to summary judgment in its favor on the LaGrassos' punitive damages claim.

WHEREFORE, for the reasons stated herein, the Defendant, SEVEN BRIDGES HOMEOWNERS ASSOCIATION, INC. respectfully requests that this Court enter an Order Granting final summary judgment in favor of the Association and against the LaGrassos, finding the Association to be the prevailing party in this matter and awarding the Association its reasonable attorney's fees and costs pursuant to the Relevant provisions of the Fair Housing Act as well as the relevant provisions of the Association's Governing Documents and Florida Statutes Chapter 720 et. eq. , and ordering any further relief this Court deems necessary and appropriate.

**THIS SPACE INTENTIONALLY LEFT BLANK**

Case 9:20-cv-81163-WM   Document 118   Entered on FLSD Docket 01/25/2021   Page 18 of 18

LaGrasso v. Seven Bridge Homeowners Association, Inc.
Case No. 9:20-cv-81163– MIDDLEBROOKS/BRANNON
Association's Motion for Final Summary Judgment
Page 18

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 25, 2021, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronically Filing generated by CM/ECF or in some other authorized manner for those Counsel or Parties who are not authorized to receive electronically Notice of Electronic Filing.

VERNIS & BOWLING OF PALM BEACH, P.A.
*Counsel for Defendant, Seven Bridges HOA*
884 U.S. Highway One
North Palm Beach, Florida 33408
Telephone No. 561.775.9822
Facsimile No. 561.775.9821
Primary:       gjvernis@national-law.com
               Knissen@florida-law.com
               jfiala@florida-law.com
Secondary:     Cschrader@florida-law.com
               pbfiling@florida-law.com

   /s/   Josef M. Fiala
G. JEFFREY VERNIS, ESQ.
Florida Bar No. 739944
KAREN M. NISSEN, ESQ.
Florida Bar No. 0883761
JOSEF M. FIALA, ESQ.
Florida Bar No. 707570

**SERVICE LIST**
**CASE NO.** 9:20-cv-81163– MIDDLEBROOKS/Brannon

| | |
|---|---|
| Scott A. Weires, Esq.<br>*Attorney for Plaintiffs*<br>Murdoch Weires, PLLC<br>14 SE 4th Street, Suite 36<br>Boca Raton, FL 33432<br>Telephone No. (561) 347-8700<br>sweires@murdochweires.com<br>jliotta@murdochweires.com | |